UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MICHAEL MORGAN,                          )
                                         )
                    Petitioner,          )
v.                                       )       No. 1:07-cv-763-DFH-JMS
                                         )
LORI CALDERONE, Probation Officer,       )
     in her official capacity,           )
                                         )
                    Respondent.          )

**Entry Discussing Pending Motions and Directing Further Proceedings**

**I.  Pending Motions**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.  The petitioner's belated motion to file (dkt 51) is **granted.** The second memorandum of law has already been filed by the clerk and entered on the docket.

2.  The petitioner's motion for an evidentiary hearing on the matters specified in such motion (dkt 47) is **denied.**  The reason for this ruling is that the record is sufficient to permit a resolution of those matters without an evidentiary hearing, and an evidentiary hearing at this point, for the requested purpose, would simply delay development of the action and involve the parties in the pursuit or defense of convoluted and unproductive ancillary matters. An evidentiary hearing in a habeas action is only necessary when a more extensive factual record must be compiled to decide an issue. *See Newell v. Hanks*, 283 F.3d 827, 838 (7th Cir. 2002). That is not the case here.

3.  The petitioner's amended emergency petition for judicial notice (dkt 40) is **denied.** The reason for this ruling is that this amended emergency petition is simply a recitation of various filings in this action, capped off with the petitioner's view of how he believes those matters should be resolved. These are not matters which are the proper subject of judicial notice. The petitioner's emergency motion for judicial notice (dkt 39) is **denied for the same reasons.**

4.     A "court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command. 18 U.S.C. § 401(3). "'The ability to punish disobedience to judicial orders is regarded as essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on other branches.'" *United States v. Providence Journal Co.,* 485 U.S. 693, 693 (1988) (quoting *Young v. U.S. ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 801 (1987)). The party seeking a contempt order "bears the burden of proving facts warranting such relief by clear and convincing evidence." *Jake's, Ltd. v. City of Coates,* 356 F.3d 896, 899-900 (8th Cir. 2004). "To support a federal contempt conviction, 'the government must prove: (1) that the court entered a lawful order of reasonable specificity; (2) the order was violated; and (3) the violation was willful.'" *Matter of Betts,* 927 F.2d 983, 986 (7th Cir. 1991)(quoting *United States v. Burstyn,* 878 F.2d 1322, 1324 (11th Cir. 1989)). No conduct of this nature is attributed to Mr. Martin, who represents the respondent in this action. The petitioner's motion for an order holding Deputy Attorney General James Blaine Martin in contempt of court (dkt 38) is **denied.** The petitioner's second motion for judicial notice (dkt 35) is **denied for the same reasons.**

5.     The petitioner's second motion to reconsider the denial of his motion for the appointment of counsel (dkt 34) is **denied.** *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)(a motion to reconsider is appropriate where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered). The petitioner's suggestion that he is entitled to appointed counsel because he has been charged with a crime can be made in any court wherein such charge has been filed, although he does not allege the filing of a new criminal charge or any other circumstance which show that it is in the interests of justice to make such an appointment. *Cf.* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.").

6.     The petitioner's motion for protective order (dkt 20) is **denied.** The reason for this ruling is that, as to the record at large, the Order of the Indiana Court of Appeals on this subject remains in effect and is adequate to protect the privacy interests of everyone who has had a stake in that privacy. As to the Office of the Indiana Attorney General, the measures in place at that Office are amply sufficient to insulate any feature of counsel's representation of the respondent and access to records associated with the petitioner's prosecution in the Indiana state courts will not extend beyond the needs of this case in this court.

7.     Morgan seeks the disqualification of counsel for the respondent. A motion to disqualify counsel is a drastic measure which courts should hesitate to impose except when of absolute necessity. *Schiessle v. Stephens,* 717 F.2d 417 (7th Cir. 1983). A disqualification motion is often tactically motivated and tends to derail efficient progress of litigation. *Evans v. Artek Systems Corp.,* 715 F.2d 788, 791 (2nd Cir. 1983). The party seeking disqualification has a heavy burden and must satisfy a high standard of proof. *Id.*

Disqualification motions are subject to strict judicial scrutiny given the potential for abuse. *Optyl Eyewear Fashion International Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1049 (9th Cir. 1985). There is neither necessity nor cause to disqualify counsel for the respondent in this case. The petitioner's motion to disqualify counsel (dkt 22) is **denied.** The petitioner's motion to strike (dkt 31) is **also denied.**

## II. Further Proceedings

With the matters addressed in Part I of this Entry having been resolved, the case shall proceed. 28 U.S.C. § 2243 (the court is to "summarily hear and determine the facts, and dispose of the matter as law and justice require").

Consistent with the foregoing, therefore, the respondent shall have **through March 28, 2008,** in which to show cause why the relief sought by the petitioner should not be granted. The petitioner shall then have **through April 26, 2008,** in which to reply.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 2/28/2008

Distribution:

James Blaine Martin
INDIANA STATE ATTORNEY GENERAL
james.martin@atg.in.gov

Michael W. Morgan
P. O. Box 854
Mooresville, IN 46158-0854