# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MICHAEL MORGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:07-cv-763-DFH-JMS |
| | ) | |
| LORI CALDERONE, Probation Officer, | ) | |
| in her official capacity, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry Denying Petition for Writ of
## Habeas Corpus and Directing Entry of Judgment

On January 14 and 15, 2001, Michael Morgan took Laura Morgan hostage at gunpoint in Vigo County, Indiana. For this conduct he was charged with and pled guilty to the crime of criminal confinement. Viewing his conviction as constitutionally tainted, Morgan now challenges the conviction in this court through his petition for a writ of habeas corpus. As explained in this Entry, however, Morgan's challenge fails to establish his entitlement to relief and his petition will therefore be **denied.**

## I. Background

Morgan did not contest his plea through a direct appeal, but filed an action for post-conviction relief in the trial court on January 24, 2004. The trial court granted the State's motion for summary judgment May 18, 2005. After a remand to the trial court with instructions to enter findings of fact and conclusions of law on all the issues, see *Morgan v. State,* No. 84A5-0506-PC-337, (Ind.Ct.App. Nov. 14, 2005), and compliance with those directions by the trial court, the Indiana Court of Appeals affirmed the denial of post-conviction relief in *Morgan v. State*, 2006 WL 2439809 (Ind.Ct.App. August 24, 2006) (*Morgan*).

Morgan now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Morgan's petition presents three claims: (1) his trial counsel was ineffective; (2) the State suppressed evidence in violation of *Brady v. Maryland*; and (3) the post-conviction proceedings violated the Equal Protection Clause.

## II. Applicable Law

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* See *Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004). Review of Morgan's habeas action is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). Under the AEDPA, a claim adjudicated on the merits in a state court will form the basis for habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 133, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)). As to findings of fact, "state court factual findings are presumed correct. A habeas petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." *Williams v. Bartow*, 481 F.3d 492, 498 (7th Cir. 2007). This is a "rigorous burden of proof." *Sanchez v. Gilmore*, 189 F.3d 619, 623 (7th Cir. 1999).

In addition to the foregoing substantive standard, when a habeas petitioner has committed procedural default–which occurs either (1) when a petitioner failed to exhaust state remedies and the court to which he would have been permitted to present his claims would now find such claims procedurally barred, *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1990), or (2) "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment" *id.,* at 729–the habeas court may not reach the merits of the habeas claims unless the habeas petitioner overcomes the consequences of that waiver by "demonstrat[ing] either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner,* 375 F.3d at 649 (internal citations omitted). Thus, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000).

## III.  Discussion

### A.  Ineffective Assistance of Counsel

Morgan's first and most complex claim is that he was denied the effective assistance of counsel.

The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *Yarborough v. Gentry,* 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). To prevail on an ineffective assistance of counsel claim, Morgan must show that trial counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Performance is deficient where counsel's representation falls "outside the wide range of professionally competent assistance" expected of him. *Strickland,* 466 U.S. at 690. Prejudice occurs only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Because a defendant is entitled to counsel who "function[s] in the active role of an advocate," *Entsminger v. Iowa,* 386 U.S. 748, 751 (1967), a showing of prejudice under *Strickland* is not required if the circumstances of counsel's ineffective assistance "are so likely to prejudice the accused that the cost of litigating their effect . . . is unjustified." *United States v. Cronic,* 466 U.S. 648, 658 (1984). Such circumstances exist in a case where "the accused is denied counsel at a critical stage of his trial . . . [or where] counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* at 659. The scope of this rule was recently noted by the Seventh Circuit Court of Appeals:

> In *Bell v. Cone,* 535 U.S. 685, 697-98, 122 S. Ct. 1843, 152 L.Ed.2d 914 (2002), the Court clarified what constitutes an "entire failure" by drawing a clear distinction between a failure to oppose the prosecution throughout an entire proceeding and a failure to do so at specific points, concluding that a failure at specific points will not trigger a presumption of prejudice. *Id.*; *see also United States v. Morrison,* 946 F.2d 484, 500 n.3 (7th Cir. 1991).

*McDowell v. Kingston*, 497 F.3d 757, 763 (7th Cir. 2007).

In one facet of his ineffective assistance of counsel claim, Morgan argues that his trial counsel failed to engage in "meaningful adversarial testing" in violation of *Cronic.*[1] Specifically, Morgan argues that his attorney, Michael Rader: (1) failed to meet with Morgan before he accepted the plea; (2) failed to advise Morgan of his rights and instead sent Morgan a copy of the plea offer with a letter urging him to accept the plea; (3) failed to advise the trial court that Morgan had a documented history of mental disease; and (4) failed to advise the trial court that Laura Morgan had a documented history of mental disease.

---

[1]There is no basis in the record or in Morgan's arguments for treating his *Cronic* claim as being based on the complete denial of counsel at a critical stage of the proceedings.

The Indiana Court of Appeals considered Morgan's ineffective assistance of counsel claims in light of *Cronic* and determined that "[w]e have no difficulty in concluding that even if the facts transpired as Morgan suggests, this is not a case of the magnitude envisioned by the *Cronic* Court, and we cannot extend to Morgan the *Strickland* exception delineated therein." *Morgan,* at p. 6. This opinion recognizes, as did *McDowell,* that a failure at specific points will not trigger a presumption of prejudice under *Cronic.* In considering this result for the present purpose, applying the deferential AEDPA standard, this court analyzes whether the state courts reasonably applied federal law in concluding that counsel was not ineffective. See *Conner v. McBride,* 375 F.3d 643, 657 (7th Cir. 2004). The Indiana Court of Appeals properly recognized the *Cronic* standard, "t[ook] the [constitutional standard] seriously and produce[d] an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000). The decision in *Morgan* rejecting the argument that Morgan had suffered the denial of counsel in the sense contemplated by *Cronic* easily withstands scrutiny in this habeas action, and hence Morgan's challenge to it will not support the award of the writ he seeks.

In the second facet of his ineffective assistance of counsel claim, Morgan argues that his trial counsel was ineffective apart from the *Cronic* exception. This straightforward claim under *Strickland,* however, was not presented to the Indiana state courts in *Morgan.* Morgan has thus committed procedural default with respect to this claim. *Baddelle v. Correll,* 452 F.3d 648, 661 (7th Cir. 2006)("Fair presentment of a petitioner's claims to a state tribunal requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims by presenting both the operative facts and the controlling legal principles that he believes should govern the analysis."). "Federal courts may only review defaulted claims if the petitioner shows cause for the failure to raise them and consequent prejudice, or when he shows that a fundamental miscarriage of justice will occur unless the federal court hears the claim." *Id.* at 661. See also *Baldwin v. Reese,* 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'").

Morgan admits his procedural default, but seeks to overcome its consequence by invoking the fundamental miscarriage of justice exception. A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000). In *Schlup v. Delo,* the Supreme Court held that to establish a "fundamental miscarriage of justice," a petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." 513 U.S. 298, 327 (1995) (quoting *Murray v. Carrier,* 477 U.S. 478, 496 (1986)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 624 (1998). A claim of actual innocence requires a petitioner to show (1) new reliable evidence not presented at trial establishing (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. *House v. Bell,* 126 S. Ct. 2064, 2077 (2006). Morgan offers no evidence of his actual innocence here, and the court discerns no basis on which such an argument could be based.

Morgan also makes a weak argument that he did fairly present his ineffective assistance of counsel claim under *Strickland* in *Morgan.* However, in Morgan's brief on appeal from denial of post-conviction relief, he stated that his ineffective assistance of counsel claim was "premised on an absolute denial of counsel, a violation of the Sixth Amendment, *See United States v. Cronic*, 466 U.S. 648 (1984)." (Morgan's Appellant's Brief, at p. 17.) This was an explicit, focused, direct and unambiguous argument invoking the *Cronic* exception to *Strickland's* standard two-prong test, capped off in his brief with this assertion that his counsel's

> complete lack of assistance controvenes [sic] the Sixth Amendment to the extent that Morgan does not have to demonstrate a showing of resulting prejudice because . . . "presumption of ineffectiveness" can be drawn from Mr. Rader's performance in the trial court.

(Morgan's Appellant's Brief, at pp. 22-23.) It is disingenuous and futile for Morgan to argue that his *Cronic* argument encompassed an effort to show prejudice under *Strickland*, for no such effort was made in *Morgan*. Even if the court concluded otherwise with respect to whether a *Strickland* claim was fairly presented in *Morgan,* moreover, it would agree with the Indiana Court of Appeals' conclusion that "Morgan has not identified any way in which his attorney's perceived errors prejudiced him or how, absent those errors, the outcome of the proceedings would have been different. Morgan's ineffective assistance of counsel claim fails." *Morgan,* at p. 7. Morgan cannot prevail on his ineffectiveness claim under either *Cronic* or *Strickland*.

## B.  *Brady*

Under *Brady v. Maryland*, 373 U.S. 83 (1963), the government has an obligation to disclose favorable evidence that is material to the case. "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene,* 527 U.S. 263, 281-82 (1999). "Evidence is material if there exists a reasonable probability that its disclosure to the defense would have changed the result of the trial." *United States v. Bland,* 517 F.3d 930, 933-34 (7th Cir. 2008).

Morgan alleges that the State violated its obligation under *Brady* by suppressing evidence of a prior charge of false reporting against Officer Robert Zink, who was involved in Morgan's investigation. Because the prior charge of false reporting against Officer Zink was not material evidence, and because there was no material prejudice to Morgan, there was no *Brady* violation. In explaining this conclusion, the Indiana Court of Appeals stated:

> Given the strength of the evidence available to the State–Morgan's confession and Laura's statement that Morgan confined her at gunpoint–we conclude that it is highly improbable that a fact-finder would have found Morgan not guilty. Thus, assuming, arguendo, that the information at issue here was favorable to Morgan and was suppressed by the State as required by the first two prongs of the *Brady* test, we do not believe that the evidence was material to an issue at trial.

5

*Morgan,* at p. 4 (footnote omitted). Because the prior charge of false reporting against Officer Zink was not material evidence, and because there was no material prejudice to Morgan, there was no *Brady* violation. The Indiana Court of Appeals correctly recognized *Brady* as the controlling decision of the United States Supreme Court. As shown above, its conclusion was not contrary to, nor was it an unreasonable application of, clearly established federal law as determined by the Supreme Court.

## C. Post-conviction Proceeding

As explained above, Morgan's petition for post-conviction relief was denied without an evidentiary hearing. The trial court granted summary judgment for the State in the post-conviction action under Indiana Post-Conviction Rule 1(4)(g).[2]

Morgan argues that this disposition denied him equal protection of the laws. Specifically, he argues that "the state post-conviction court has a bias, or prejudice, against Morgan, since there is arguably, no other *bona fide*, or reasonable rationale as to why the state post-conviction court would knowingly and deliberately ignore the rule in question." He points out that he "affirmatively controverted *all* of the *general denial's*, and other affirmative allegations, which were set forth within the State's motion for summary judgment vis-a-vis his Response, Affidavit and numerous supporting Exhibits, [ ] that the state post-conviction court denied Morgan of the equal protection of the laws when it granted the State of Indiana's motion for summary judgment" without holding an evidentiary hearing. Rephrased, Morgan claims that because the post-conviction court erred in its conclusion that the standard of Rule 1(4)(g) had been met, he was thereby denied equal protection of the laws.

There are three flaws to Morgan's denial of equal protection argument in this case.

!       *First,* the argument itself is a non-sequitur. That is, the decision and process Morgan complains of do not imply an equal protection violation. To state a claim under the Equal Protection Clause, a plaintiff must allege that a state actor intentionally discriminated against the plaintiff based upon his or her membership in a protected class. *Washington v. Davis,* 426 U.S. 229, 247-48 (1976). "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995); see also *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007-08 (7th Cir. 2000) (explaining that plaintiff failed to present a valid equal protection claim since he had presented no evidence of improper police animus against him, but merely alleged uneven enforcement of local laws). Intentional discrimination against Morgan based on his membership in an unspecified protected

---

[2] Ind. Post-Conviction Rule 1(4)(g) provides: The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court may ask for oral argument on the legal issue raised. If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible.

class is not alleged here. Instead, the claim of an equal protection violation is likely Morgan's effort to escape the rule that "[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus relief." *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.), *cert. denied,* 519 U.S. 907 (1996). It is far too much of a stretch to link the state court's decision to not conduct a hearing in the post-conviction proceeding to Morgan's right to equal protection.

!        Second, the post-conviction court did not commit error in its decision. This is evident from the discussion in *Morgan.* Even if there was error, however, it consisted in the mistaken application of a state rule of post-conviction procedure.  By itself, a state's mistaken interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no federal constitutional question is presented. 28 U.S.C. § 2254(a); *Estelle v. McGuire,* 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). "Federal habeas courts lack subject-matter jurisdiction over such issues." *Lambert v. Davis,* 449 F.3d 774, 778-779 (7th Cir. 2006)(citing 28 U.S.C. § 2254(a) and *Estelle,* 502 U.S. at 62).

!        Third, the error he challenges is not in fact one which casts doubt on the conviction. *Spradley v. Dugger,* 825 F.2d 1566, 1568 (11th Cir. 1987) (a habeas claim that the state trial court violated a petitioner's due process rights because the court failed to conduct an evidentiary hearing and to attach to its opinion pertinent portions of the record resolved only issues unrelated to the cause of petitioner's detention and stated no basis for habeas relief).

The factual premise of the equal protection claim simply does not exist in this case, so the arguments based on that premise are unpersuasive. Accordingly, Morgan's equal protection claim fails.

## IV. Conclusion

This court has carefully reviewed the state record in light of Morgan's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388  (7th Cir. 1997). No such established rules entitle Morgan to relief in this case. Accordingly, his petition for a writ of habeas corpus must be **denied** and this cause of action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue. The petitioner's motion for oral argument (dkt 73) is **denied.**

So ordered.

David F Hamilton

_____

DAVID F. HAMILTON, Chief Judge
United States District Court

Date:    5/16/2008