UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MICHAEL MORGAN,                )
                               )
        Petitioner,            )
                               )
v.                             )    No. 1:07-cv-763-DFH-JMS
                               )
LORI CALDERONE, Probation Officer, )
    in her official capacity,  )
                               )
        Respondent.            )

**Entry Discussing Pending Motions**

**I.**

Michael Morgan failed to prevail in this action seeking a writ of habeas corpus. Morgan challenged his conviction in the Vigo Superior Court for the offense of confinement. He is currently on parole from serving the executed portion of the sentence imposed for that offense. Final judgment was entered on the clerk's docket on May 16, 2008, and Morgan has filed an appeal. His appeal has been docketed as No. 08-2355. On November 6, 2008, the Court of Appeals issued a certificate of appealability ("COA"), and granted Morgan's request for appointment of counsel and to proceed in forma pauperis.

Morgan has now filed a motion seeking his release on bond and also seeks leave to supplement the record on appeal with materials he wishes to have kept under seal.

**I.**

As noted, Morgan is on parole. His status of being on parole satisfies the "in custody" requirement for habeas review. *Jones v. Cunningham,* 371 U.S. 236, 243 (1963). Also as noted, Morgan seeks to be released on bond while his appeal is pending. It is unclear how Morgan's release on bond in this case would differ from the conditions of his parole. He does not itemize the restrictions he faces while on parole and does not suggest the full panolpy of conditions of the personal recognizance bond he proposes here. However, it is likely that many of the same interests for each status would overlap. This particular inquiry need not be pursued, however, because it is not appropriate to grant Morgan's request for bond.

Although federal judges in habeas corpus proceedings have inherent power to admit applicants to bail, the power is exercised very sparingly. *See Kramer v. Jenkins,* 800 F.2d 708, 709 (7th Cir. 1986); *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). The present case does not present any exceptional circumstances entitling the petitioner to his conditional release. *Cf. Martin v. Solem*, 801 F.2d 324, 330 (8th Cir. 1986) (where defendant claimed that his reincarceration was unlawful on the grounds that he had already served his sentence and had been discharged, the district court erred in granting bail pending decision of defendant's habeas corpus petition because "there is nothing unusual about a claim of unlawful confinement in a habeas proceeding.").

Rule 23 of the *Federal Rules of Appellate Procedure* sets a high standard for state or federal prisoners requesting release pending the outcome of a motion collaterally attacking their conviction. Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir. 1993). A prisoner seeking release must demonstrate "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir. 1990) (*quoting Aronson v. May*, 85 S.Ct. 3, 56 (1964)). Showing that there is a substantial question is not enough. *Glynn v. Donnelly,* 470 F.2d 95, 98 (1st Cir. 1972). The test is the same for a case in which the district court has already reviewed and rejected petitioner's habeas petition. *United States v. Mett,* 41 F.3d 1281 (9th Cir. 1994).

Here, Morgan has not made a sufficient showing to be released from parole to bond in this case. His state conviction is presumptively valid. After extensive briefing and review, Morgan failed to show otherwise. Even if his habeas claims hold merit, moreover, there is nothing unusual about those claims or Morgan's situation.

Based on the foregoing, therefore, Morgan's motion for release from custody on personal recognizance (dkt 89) is **denied.**

## II.

### A.

Morgan's motion to supplement, certify and transmit record on appeal (dkt 87) invokes Appellate Rule 10(e). This Rule "allow[s] the district court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals." *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982). *Rule* 10(e) does not grant the parties "a license to build a new record," *Anthony v. United States*, 667 F.2d 870, 875 (10th Cir. 1981), *cert. denied* 457 U.S. 1133, 102 S. Ct. 2959, *citing Borden, Inc. v. Federal Trade Commission*, 495 F.2d 785 (7th Cir. 1974), but is merely an opportunity to correct or modify the record in order to "truly disclose[ ] what occurred in the district court". *Fed. R. App. P.* 10(e); *see also Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1473 (10th Cir. 1993). In the present case, the petitioner's motion to supplement the

record on appeal (dkt 87) must be **denied,** because he does not seek to correct the record, but to change it with materials which do not in any sense represent an effort to correct the record on appeal. The record in this case was adequately expanded through the filings of the parties to permit a fully informed decision to be made based on the claims asserted in the petition for writ of habeas corpus. The court relied on that record in making its decision. A further expansion of the record was not warranted prior to that decision, and is likewise **denied as improper** under Rule 10(e).

**B.**

Based on the ruling in Part II.A. of this Entry, Morgan's ancillary motion to file certain materials intended to constitute the supplemental record on appeal under seal (dkt 86) is **denied as moot.**

So ordered.

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: _____

Distribution:

James Blaine Martin
INDIANA STATE ATTORNEY GENERAL
james.martin@atg.in.gov

Michael W. Morgan
P.O. Box 530
Morresville, IN 46158-0530